Carl D. Crowell, OSB No. 982049
email: crowell@kite.com
Jonathan van Heel, OSB No. 095349
email: jvh@kite.com
CROWELL LAW
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC, and MAXCON PRODUCTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DOE, a/k/a IP 76.115.46.230 <br><br> Defendant. | Case No.: 3:13-00836-AA <br><br> MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS |

      Plaintiffs herein respond to pending Motion to Dismiss for lack of Subject Matter Jurisdiction and asks the Court deny defendant's motion as moot.

      Voltage Pictures, LLC, is the assignee of the rights to the motion picture *Maximum Conviction,* Registration No. PAu 3-647-070, 2012, originally registered by Maxcon Productions, Inc. ("Maxcon"). In February of 2013, Maxcon assigned to Voltage Pictures, LLC, "all rights and interest in the work" to Voltage Pictures, LLC, to the extent necessary for Voltage to enforce copyrights in the work. This assignment, recorded with the Copyright Office, was filed by defendant in support of defendant's motion. Doc. 13-4. This assignment has been

accepted by other courts as the basis for Voltage to be substituted as plaintiff in then pending enforcement actions by Maxcon. *See eg.* 4:13-cv-00038-WTM-GRS (S.D. Ga., April, 15, 2013). However, defendant now claims the assignment at issue is insufficient in light of the 9th Circuit's decision in *Righthaven LLC v. Hoehn,* 716 F. 3d 1166 (9th Cir. 2013).

For a number of reasons, plaintiff believes Voltage is the proper party as the specific facts relied on in *Righthaven* do not exist in this case, for one, Voltage being the production company that actually released and exploited the work in question as opposed to a mere enforcement shell that never exercised rights or exploited the work.

Maxcon has always intended for such rights to be assigned to Voltage and for Voltage to exploit and enforce those rights. As such rather that argue through developing areas of the law, Maxcon joined this case as a co-plaintiff, in the First Amended Complaint filed October 20, 2013, (Doc. 14) mooting the issue. Whomever the courts may determine hold the effective right to enforce the copyright at issue, both parties now join in unity to effect enforcement. Even should defendant's argument prevail, defendant will suffer no prejudice as all rights and interests related to the dispute are now fully present. The addition of Maxcon does not alter any existing claims as the infringement, November 2012, was within the statute of limitations. 17 U.S.C. § 507(b), (three years).

As such, plaintiff respectfully requests the Court deny defendant's motion as moot.

DATED: October 20, 2013

> Respectfully submitted,
>
> CROWELL LAW
>
> /s/Carl D. Crowell
> Carl D. Crowell, OSB No. 982049
> Of attorneys for the plaintiffs