**ROBERT SWIDER**
Swider Medeiros Haver LLP
621 SW Morrison, Suite 1420
Portland, OR 97205-3897
Telephone: (503) 226-8122
Facsimile: (503) 295-2737
robert@smhllaw.com
Oregon State Bar ID #82127
of Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Voltage Pictures, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Doe, a/k/a IP 76.115.46.230<br><br>    Defendant. | Case No.    0:13-cv-00836<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(6) |

Defendant Doe, by counsel, respectfully offers this Reply in Support of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### ARGUMENT

**A.    Voltage has no claim whatsoever against Defendant because Voltage holds no exclusive rights in the motion picture *Maximum Conviction*.**

Defendant has demonstrated that Voltage's claim against Defendant is based on an assignment to Voltage of the bare right to sue for infringement. The Ninth Circuit addressed this situation in *Righthaven LLC v. Hoehn*, Appeal Nos. 11-16751, 11-16776 (9th Cir. May 9, 2013), and explicitly held that a bare right to sue is insufficient to confer standing under the Copyright Act.

In its response to Defendant's motion to dismiss, Voltage has advanced no arguments,

**Page    1 -    DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

analysis, allegations or evidence to the contrary. In fact, Voltage failed to address the faultiness of its claim in any way. Since Voltage has no standing to bring a claim under the Copyright Act for infringement of the motion picture *Maximum Conviction*, Voltage's suit against Defendant should be dismissed.

**B.      This Court may dismiss Voltage's case against Defendant without the need to determine who actually holds the requisite rights.**

In an attempt to circumvent the question of whether Voltage is the owner of the exclusive rights needed to bring a claim under the Copyright Act, and thus whether Voltage is a proper party to this suit, counsel for Voltage has amended the Complaint to also assert that Maxcon Productions is also a plaintiff in this case - and that somehow, between the two entities, *someone* owns the rights necessary to bring a claim for infringement of the motion picture. However, even if counsel's addition of a party is proper, it does not cure the defects of Voltage's claims against Defendant. Whether some other entity may have claims against Defendant is irrelevant to the fact that Voltage clearly does not. As such, Voltage's suit against Defendant should be dismissed.

## CONCLUSION

Because Voltage lacks ownership of any exclusive right conveying standing under the Copyright Act, this Court lacks subject matter jurisdiction and should issue an Order dismissing this case.

DATED November 4, 2013.

> Respectfully submitted,
>
> /Robert Swider
> Robert Swider, OSB #82127
> Swider Medeiros Haver LLP
> of Attorneys for Defendant

**Page    2 -   DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**