IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VOLTAGE PICTURES, LLC, and MAXCON )
PRODUCTIONS, INC., )
                                          )
           Plaintiffs,         )    No. 3:13-cv-836-AA
         v.                    )    ORDER
                                          )
DOE, a/k/a IP 76.115.46.230,    )
                                          )
          Defendant.          )
                                          )
_____ )

AIKEN, Chief Judge:

    Plaintiff, Voltage Pictures, initiated this action on May, 17 2013 against a Doe defendant using internet protocol (IP) address 76.115.46.230. Plaintiff Voltage alleged that defendant copied and published the motion picture, Maximum Conviction, via a BitTorrent client. Accordingly, plaintiff alleges defendant willfully infringed plaintiff's exclusive rights under the Copyright Act.

1 - ORDER

On October 14, 2013, defendant Doe moved to dismiss contending that plaintiff Voltage Pictures lacks standing to bring a copyright infringement claim because it does not hold exclusive rights in Maximum Conviction. More particularly, defendant argues that the author of the motion picture, Maxcon Productions, Inc., only transferred the right to sue for infringement of the copyright and, defendant contends, such assignment is insufficient to confer standing.

Plaintiff Voltage Pictures, without conceding the standing issue, filed an amended complaint on October 20, 2013, adding Maxcon Productions as a plaintiff. Accordingly, dismissal of the case outright is not appropriate. In addition, to the extent defendant seeks dismissal of Voltage as a plaintiff, such dismissal is not proper on a motion to dismiss.[1]

Only the owner of an exclusive right under the copyright is entitled to sue for infringement. Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881, 889 (9th Cir. 2005). The owner of the bare right to sue, without any ability to reproduce Maximum Conviction, distribute it, or exploit any other exclusive right under the Copyright Act, would leave such an entity without standing under the Act. See Righthaven LLC v. Hoehn, 716 F.3d

---

[1] It is not clear if defendant still seeks dismissal of the case or of obly those claims asserted by plaintiff Voltage, but defendant advances no argument why Maxcon Productions, as the party he alleges has exclusive rights in the subject film, could not maintain this action.

2 - ORDER

1166, 1170 (9th Cir. 2013). In this case, defendant shows that Maxcon assigned to Voltage

> all rights and interest in the Work Maximum Conviction ... **only to the extent necessary** to make claims by itself against illegal downloads, uploads and/or streaming the work via the internet or wireless worldwide and to undertake such actions as it believes necessary or appropriate to protect against piracy of any rights in the Work ...

Assignment of Copyright Interest, attached to the Declaration of Robert Swider (#13-2) as Exhibit B (emphasis added). The use of the language "only to the extent necessary" creates an ambiguity in the assignment such that it is unclear if all rights to exploit the work have been transferred or only the right to sue for illegal distribution. The court cannot resolve such ambiguity, i.e., the parties' intent, on the record before it. Moreover, given the presence of Maxcon in this action now, such resolution is of no practical import.

Plaintiffs also move to strike all pleadings of defendant's attorney. Plaintiffs note that counsel for Doe a/k/a IP 76.115.46.230, contends that the while Comcast associates one person assigned to that IP address, that person asserts that perhaps a roommate using the IP address actually engaged in the illegal activity. Plaintiffs then make the tortured argument that counsel represents a non-party in this action because it is not clear to plaintiffs' counsel that defense counsel's client, Doe, is the subscriber to the IP address or someone else because defense

3 - ORDER


counsel stated: "My firm represents Doe #270 a/k/a IP 76.115.46.230. The subscriber of that IP address was identified by Comcast to counsel for plaintiff as Kevin Balmer pursuant to subpoena issued by Plaintiff." Plaintiffs assert that the subscriber and Doe are presented as distinct parties by counsel. It appears that plaintiffs' argument is based on assertions by defense counsel that his client did not engage in any infringement and that therefore his client must not be the party named in this action. However, the pleadings filed by defense counsel clearly indicate that he represents defendant Doe a/k/a IP 76.115.46.230. Accordingly, the motion to strike is denied.

In the alternative, plaintiffs request an order requiring defense counsel to identify the Doe defendant. However, the court ordered plaintiff to file an amended complaint to identify Doe when it permitted plaintiff to conduct discovery pre-service. The record before the court indicates that plaintiffs' discovery efforts have yielded a person connected to the IP address under which the alleged infringing activity occurred. Accordingly, the alternative motion is denied and plaintiff shall file an amended complaint identifying the Doe defendant.[2]

---

[2]The parties may maintain the identity of Doe under seal for the time being if they so desire.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (#13) is denied. In addition, plaintiffs' motion to strike (#18) is denied.

DATED this ___18___ day of December, 2013.

*Ann Aiken*
Ann Aiken
United States District Judge